■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and EDNA MITCHELL et al., Respondents.— In a proceeding to stay arbitration demanded by respondents Edna and Howard Mitchell under an uninsured motorist endorsement on the liability insurance policy issued by petitioner to respondent Howard Mitchell, petitioner appeals from an order of the Supreme Court, Kings County, entered June 28, 1972, which, after a nonjury trial of the issue of whether an uninsured vehicle was involved in the accident in question, dismissed the petition and directed arbitration to proceed. Order reversed, on the law, and new trial granted, with costs to appellant to abide the event. In our opinion, there should be a new trial in order to afford the parties an opportunity to show whether there was compliance with the notice requirements of section 313 of the Vehicle and Traffic Law (see Capra v. Lumbermen's Mut. Cas. Co., 31 N NY 2d 760). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ In the Matter of ROWENA MINCH, Respondent, v. ROGER C. BURNHAM, Appellant.— In a proceeding under the Uniform Support of Dependents Law (Domestic Relations Law, § 30 et seq.), the appeal, by permission, is from a temporary support order of the Family Court, Rockland County, dated November 13, 1972, which directed appellant to pay $45 per week for support of the parties' three infant children. Order affirmed, with $20 costs and disbursements. In our opinion, the Family Court now has the power to render a temporary order of support under the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A). Aberlin v. Aberlin (3 A D 2d 417, app. dsmd. 3 N Y 2d 934), which holds to the contrary, was decided prior to the amendment of subdivision 2 of section 34 of the Domestic Relations Law by chapter 149 of the Laws of 1959. The amendment added the following to the statute: "Where the petitioner's needs are so urgent as to require it, the court may make a temporary order for support pending a final determination." The legislative history of the amendment supports our view (see McKinney's 1959 Session Laws, p. 1735). Urgency, for the purpose of a temporary order, was clearly established by the papers in the record and, in such circumstances, proof of the dependents' needs and the respondent's means need not be the subject of the full procedures involved in making a final order under section 37 of the Domestic Relations Law (cf. Matter of Kennedy v. De Los Reyes, 26 A D 2d 815). Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.